## MARGARET FAHEY
*vs.*
## JAMES P. DOHERTY, EXTR.
(Estate of Edward J. Fahey, Sr.)

Superior Court    New Haven County    File No. 57334

MEMORANDUM FILED OCTOBER 18, 1939.

*Louis Sperandeo,* of New Haven, for the Plaintiff.

*James P. Doherty,* of Hamden, for the Defendant.

McEVOY, J.   This is an action brought, in which the plaintiff seeks a new trial.   The petition is based upon allegations set out in eighteen paragraphs.

A demurrer searches the record.   The record shows that the matters alleged in paragraphs 1 to 11, inclusive, were definitely and finally adjudicated and that the adjudication was based upon detailed and precise pleadings which raised all the issues which were thus adjudicated.

The allegations of paragraphs 12 and 13 of the complaint are admitted, by the demurrer, to be true.

The matters alleged in paragraphs 14 and 17 of the complaint are not well pleaded.   These allegations set up the belief as to the mental processes of the then trial court and they have no justification in the record.

As to the allegations of paragraph 15, it should be said that the lawyer is required and obliged ". . . . to represent the client with undivided fidelity and not to divulge his secrets or confidences . . . .", and further, that "under no circumstances should a lawyer disclose any private information professionally acquired without the consent of the client who imparted it." Practice Book (1934) §10, pp. 13, 14.   This tenet is elaborated upon and discussed at length in *Doyle vs. Reeves,* 112 Conn. 521.

It is not alleged in the complaint that the then plaintiff Edward J. Fahey, Sr., gave any authorization or authority to his then attorney to divulge any of his confidences.

A will then made would not come into effect until the death of the testator.   The testator was then alive.   The testator had a right to have his confidence respected by his attorney and not to have the contents of his will disclosed.

The allegations of paragraph 16 are not pertinent upon the question of a new trial because the plaintiff must abide the result of that trial which was fairly had and there is nothing in the record which justifies any interference with the present judgment by reason of any of the allegations of paragraph 16.

Paragraph 18 is not well pleaded in that it sets out a conclusion which has no basis in the record and, since the demurrer is addressed to the whole record, the demurrer must be judged accordingly.

This paragraph attempts to set up a fallacious conclusion in that its allegations are not borne out by the record, either factually or as a matter of legal conclusion. The present plaintiff may still redeem under the terms of the foreclosure and save her home. The time during which this may be done is still running and will not expire for a long time.

Under all the circumstances the demurrer is sustained upon all of the grounds alleged.